IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| EUGENE PAUL HARRISON, A/K/A ) <br> EUGENE P. HARRISON, A/K/A ) <br> EUGENE PAUL HARRISON, SR. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BINGO OLD SOLOMON KITCHEN, ) <br> MR. FELDER, AND MS. ROCHELLE, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 3:08-2651-PMD-BM <br><br> **REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se. Although the basis for jurisdiction in this Court is unclear, Plaintiff, who is a frequent filer of litigation in this Court, appears to allege a "free speech" claim, asserting that the Defendants violated his constitutional rights when they asked him to leave their bingo establishment for voicing his opinion about the course of a bingo game. The Defendants have filed pro se answers to the complaint.

The Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on November 12, 2008. As the Defendants are proceeding pro se, a Roseboro order was entered by the Court on November 14, 2008, advising the Defendants of the importance of a motion for summary judgment and of the need for them to file an adequate response. The Defendants were specifically placed on notice that if they failed to respond adequately, the Plaintiff's motion may be granted.

Defendants' thereafter filed a response and their own motion for summary judgment



1

on December 12, 2008, following which a second <u>Roseboro</u> order directed to the Plaintiff was entered on December 19, 2008. Plaintiff filed a memorandum in opposition to the Defendants' motion on January 8, 2009.

These motions are now before the Court for disposition.[1]

## Background and Evidence

Plaintiff alleges in his verified complaint[2] that on July 21, 2008 he was playing bingo at the Defendants' establishment and asked the Defendant Rochelle (the bingo manager) a question about payments on pay outs. Plaintiff alleges that he heard Rochelle remark that Plaintiff "always has something to say about the pay", to which he responded "we are players who can voice our opinion on pay outs." Plaintiff alleges that Rochelle told him to be quiet or leave, to which Plaintiff responded that he had a constitutional right of freedom of speech. Plaintiff alleges that Rochelle then told him to leave after he had finished his "pack" [bingo], to which Plaintiff responded that he had done nothing wrong but voice his opinion.

Plaintiff alleges that after he finished his "pack" Rochelle called security to try to get him to leave, and that when he still would not leave the establishment, Rochelle called the Sumter City Police Department. Plaintiff alleges that when a police officer arrived, Rochelle asked him to

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The parties have filed motions to dismiss or for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by <u>pro se</u> litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



remove Plaintiff from the premises.

Plaintiff seeks monetary damages for violation of his constitutional right of freedom of speech, as well as for the license to play bingo at that location to be revoked. See generally, Verified Complaint.

Plaintiff did not submit any evidence in support of his motion for summary judgment filed November 12, 2008. However, the Defendants did submit evidence with their motion for summary judgment. The Defendant Rochelle Heyward submitted an affidavit wherein she attests that she is the manager of Main Spot Bingo in Sumter, South Carolina, and that she had two encounters with the Plaintiff during 2008 at this bingo hall. Heyward attests that the first time was during a game called speed ball, when the Plaintiff became upset because someone else yelled bingo. Heyward attests that Plaintiff complained that he called bingo but the caller only heard one person so the game was closed to that one winner. Heyward attests the Plaintiff became very irate and disruptive, began using profanity and saying that he would destroy the building and anyone who got in his way, and that when she tried to calm him down, he continued to be verbally abusive. Heyward attests that when he was exiting the building, Plaintiff flipped over a table, barely missing a customer, and that Plaintiff was thereafter banned from the bingo hall for a period of time.

Heyward attests that her second encounter with the Plaintiff was when he was allowed to return to the bingo hall after promising that he would abide by the bingo rules. However, when a customer began complaining that the pay outs were too low, Plaintiff joined in the conversation in a loud and disruptive manner. Heyward attests that she asked Plaintiff not to yell across the room, at which time Plaintiff asked to speak with her. Heyward attests that she told Plaintiff to give her a moment and she would come to him, but that Plaintiff continued to yell and



be disruptive and began to issue threats and use strong profanity. Heyward attests that she asked Plaintiff to calm down several times, but that he refused and started cursing the business and her, at which time she called for security to come remove Plaintiff from the building. Heyward attests that Plaintiff cursed the security person and said he was not leaving the premises and that it would take the Navy SEALs and the National Guard to remove him. Heyward attests that she then called the Sumter City Police, who arrived and talked to the Plaintiff in the parking lot. Heyward attests that the bingo hall did not press charges against the Plaintiff, and that during each incident with the Plaintiff she acted in a professional and courteous manner even though he threatened her life and the lives of other employees and customers. See generally, Heyward Affidavit.

The Defendants have also submitted an affidavit from Christine Wilson, who attests that she was the cashier at the Main Spot Bingo in 2006. Wilson attests that Plaintiff was a player in the bingo hall, that he came to the counter where she was working, and because she did not immediately respond to a question he asked, he started cursing in a most threatening manner calling her dirty names. Wilson attests that Plaintiff then pushed all the baskets that were containing money and bingo sheets onto the floor, and then turned and ran out of the hall into the parking lot. Wilson attests that she chased after him while he continued to curse at her, and that she told him she was going to call the police, at which time Plaintiff left. See generally, Wilson Affidavit.

The Defendants have also submitted copies of the Main Spot Bingo's license from the South Carolina Department of Revenue, as well as the Business and Professional license from the City of Sumter.

As attachments to his response to the Defendants' motion for summary judgment (which is itself captioned "Motion: Summary Judgement"), Plaintiff has submitted a copy of the first

4



page of the Answer filed by the Defendants (Exhibit A), a copy of a letter Plaintiff received from the City of Sumter Business License Department (Exhibit B), a copy of a letter Plaintiff received from the Sumter Police Department concerning the definition of "civil disturbance" (Exhibit C), a copy of an operations report from the Sumter Law Enforcement Center (labeled as Exhibit C, but apparently intended to be Exhibit D), a copy of the minutes of a board meeting of the Sumter Board of Appeals that apparently relates to the bingo hall at issue (Exhibit E), and a copy of an Inmate Locator relating to federal inmates which (apparently) is intended to show that the Defendant James Felder has a criminal record (Exhibit F). Plaintiff has also submitted an affidavit wherein he attests that he has other witnesses who are prepared to testify on his behalf at trial. See generally, Plaintiff's Affidavit.

### **Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of



a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review of the allegations of the Complaint and the Exhibits submitted to the Court, the undersigned finds and concludes that the Plaintiff's motion for summary judgment should be denied, that the Defendants' motion for summary judgment should be granted, and that this case should be dismissed.

First, to the extent Plaintiff is asserting a federal claim for violation of his constitutional right to freedom of speech, there is no allegation that either Defendant has acted under color of state law for purposes of assertion of a federal claim.[3] In order to pursue a civil rights action in this Court under 42 U.S.C. § 1983, a Plaintiff must allege both that a named defendant deprived him of a federal right and did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). There is no allegation that the Defendant Rochelle Heyward or any other individual associated with the bingo hall is a public employee, and Plaintiff has alleged no facts to suggest that the actions of the Defendant store manager or any one else were anything other than purely private conduct. Cf. Dennis v. Sparks, 449 U.S. 27-28 (1980)[In order for a private individual to act under color of state law, the private actor must be "a willful participant in joint action with the State or its agents"]. Purely private conduct, no matter how wrongful or discriminatory, is not actionable under § 1983. Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961). Therefore as Plaintiff has failed to allege state action, he has failed to state a constitutional claim under § 1983.

Plaintiff may be attempting to instead set forth causes of action based on state law.

---

[3]Indeed, the Defendant Felder is not even mentioned in the text of the complaint. He has apparently been named as a Defendant in this action because he is associated with the bingo hall in some fashion. See Plaintiff's Exhibits A and E.

6



Cruz, 405 U.S. 319 [Federal Courts should liberally construe pro se pleading to allow for the development of a potentially meritorious case]. However, this Court does not have jurisdiction to hear any such claims. Federal Courts are allowed to hear and decide state law claims only in conjunction with federal law claims, through the exercise of "supplemental jurisdiction". Wisconsin Dep't. of Corrections v. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claims, this Court cannot exercise "supplemental jurisdiction" over any state claims. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999)["[T]he Constitution does not contemplate the Federal Judiciary deciding issues of state law among non-diverse litigants"].

While a civil action for state claims would be cognizable in this Court under the federal diversity statute, there is no allegation or evidence to show that that statute's requirements have been satisfied in this case. The diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000.00. See 28 U.S.C. § 1332(a). Complete diversity of parties in the case means that no party on side may be a citizen of the same state as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). In the complaint, Plaintiff lists both himself as well as the Defendants as being residents of the state of South Carolina. Hence, as all parties are residents of South Carolina, there is no diversity jurisdiction in this case.

### Conclusion

Based on the foregoing, it is recommended that the Plaintiff's motion for summary judgment be **denied,** that the Defendants' motion for summary judgment be **granted,** that Plaintiff's federal claims be **dismissed**, with prejudice, with any state law claims being **dismissed**, without prejudice.

7



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 11, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



9