**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| EUGENE PAUL HARRISON, A/K/A ) | Civil Action No. 3:08-2651-PMD-BM |
| EUGENE P. HARRISON, A/K/A ) | |
| EUGENE PAUL HARRISON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| BINGO OLD SOLOMON KITCHEN, ) | |
| MR. FELDER, AND MS. ROCHELLE, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Plaintiff Eugene P. Harrison's ("Plaintiff") Objections to a United States Magistrate Judge's Report and Recommendation (R&R), which recommended the court grant Defendants' Motion for Summary Judgment. Having reviewed the entire record, including the Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**BACKGROUND**

Plaintiff did not object to the R&R's account of the underlying events giving rise to this suit; therefore, the court adopts that record for purposes of this Order. While playing bingo at Defendants' establishment, Plaintiff determined that the payments on the pay outs were disproportionally small compared to the large crowd in attendance. Upon reaching this conclusion, Plaintiff questioned Defendant Rochelle Heyward, the bingo hall's manager, about the pay outs. According to Plaintiff, Defendant Rochelle remarked that Plaintiff "always has something to say about the pay," to which he responded, "we are players who can voice our opinion on pay outs." Defendant Rochelle then

asked him to be quiet or to leave, to which he responded that he had a constitutional right to freedom of speech. Finally, she asked Plaintiff to leave after he finished the game he was playing, but Plaintiff believed he had done nothing wrong but voice his opinion. Once Plaintiff finished his bingo game, Defendant Rochelle called security to have him removed, and after he still would not leave the establishment, Defendant Rochelle called the Sumter City Police Department. Plaintiff alleges that once the police arrived, Defendants asked that Plaintiff be removed from the premises.

Based on his interpretation of Plaintiff's verified complaint, the Magistrate Judge determined that Plaintiff now seeks monetary damages for violation of his First Amendment right to freedom of speech as well as the revocation of Defendants' license to operate a bingo parlor. Both Plaintiff and Defendants moved the court to grant summary judgment in their respective favors, and the Magistrate Judge recommended the court to grant Defendants' motion. Plaintiff's Objections to this recommendation are before the court.

## STANDARD OF REVIEW

### I. The Magistrate Judge's Report and Recommendation

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

## II. Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)).

Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327. The court remains mindful that Plaintiff and Defendants are *pro se* petitioners, and therefore, their pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**ANALYSIS**

As discussed above, the Magistrate Judge concluded that Plaintiff sought relief pursuant to 42 U.S.C. §1983, and since Plaintiff failed to allege any state action on the part of Defendants, he recommended the court grant Defendants' Motion for Summary Judgment. In his Objections, Plaintiff asserts that Defendants have failed to show that Plaintiff's constitutional rights were not violated or that Plaintiff, in fact, acted as Defendants assert he did. These objections, however, fail to address the Magistrate Judge's concern, which was that Plaintiff failed to allege a claim under §1983 for which relief could be granted.

In order to pursue a civil rights action under §1983, Plaintiff must allege that a named defendant deprived him of a federal right and that defendant did so *under color of state law*. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). In his Objections, like his verified complaint, Plaintiff failed to establish that either Defendant is a public employee or that their conduct qualified as state action. Purely private conduct, no matter how wrongful or discriminatory, is not actionable under §1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). Therefore, the court agrees with the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment should be granted because Plaintiff has failed to state a constitutional claim under §1983.[1]

---

[1] To the extent Plaintiff alleges state law causes of action, this Court has no jurisdiction to hear those claims.

## CONCLUSION

Based on the foregoing, the court **ORDERS** that Plaintiff's Motion for Summary Judgment is **DENIED**, Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiff's federal claims are **DISMISSED** with prejudice. To the extent that Plaintiff's complaint raises any state law claims, the court **DISMISSES** those claims without prejudice.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**June 17, 2009**
**Charleston, SC**